UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TORAN PETERSON,

    Plaintiff,

v.                                             Case No. 23-cv-11493
                                               Hon. Jonathan J.C. Grey

MADELINE YOUNG, et al.,

    Defendants.
_____/

**OPINION AND ORDER SUMMARILY DISMISSING
THE COMPLAINT AND DENYING PLAINTIFF'S MOTION
TO EXCLUDE [ECF NO. 2] AS MOOT**

Plaintiff Toran Peterson, a state prisoner currently confined at the Ionia Correctional Facility in Ionia, Michigan, filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983. Plaintiff has sued the Michigan Department of Corrections (MDOC), its Director Heidi Washington in her official capacity, John or Jane Doe administrator for the department, and three private practice attorneys at the Chapman Law Group (Madeline Young, Ronald W. Chapman, and Jeffrey L. Bomber) who represent the MDOC in another case Plaintiff is litigating against it. (ECF No. 1, PageID.1.) Plaintiff alleges the release of his medical records to the attorneys is a violation of his Fourteenth Amendment rights and state law. (*Id.* at PageID.2.) He also filed a motion to exclude this case from the Court's mediation

program for *pro se* prisoner complaints. (ECF No. 2.) He seeks both injunctive relief and money damages. (ECF No. 1, PageID.3.)

Since the complaint fails to state a claim upon which relief may be granted, it is summarily DISMISSED. Plaintiff's motion to exclude his complaint from mediation is DENIED AS MOOT.

I.    BACKGROUND

In a different lawsuit Plaintiff is litigating against an MDOC employee, Defendant Young subpoenaed the MDOC to obtain Plaintiff's "entire medical file without giving [him] the opportunity/notice" to obtain a protective order. (*Id*.) Defendants Doe, the MDOC, and Washington released those records to the attorneys. (*Id*. at PageID.2.) After Plaintiff became aware of the records release, he wrote Defendant Young to request the return of his records but was ignored. (*Id*.) Instead, Defendant Bomber sent Plaintiff a form to authorize the release of his records as "damage control." (*Id*.)

Plaintiff also alleges the MDOC permits corrections officers to be present during medical visits by prisoners and permits its nonmedical staff to read healthcare requests. (*Id*. at PageID.1.) He asserts those practices and the illegal release of medical records without consent are essentially official policies of the MDOC. (*Id*. at PageID.2.) Plaintiff charges that Defendant Washington is aware of these actions but has ignored them. (*Id*.) Plaintiff fails to provide any specific

2

instances of corrections officers' presence during medical appointments. Plaintiff also fails to provide any specific instances of nonmedical staff reading prisoners' healthcare records.

Plaintiff claims Defendants' actions violate his Fourteenth Amendment rights, and that Defendants conspired in the violation of his rights. (*Id*. at PageID.1-2.) He also raises state causes of action for gross negligence and civil conspiracy, among others. (*Id*. at PageID.1, 2.) Plaintiff seeks injunctive relief against the MDOC to prevent it from arbitrarily distributing prisoners' medical records, as well as unspecified compensatory and punitive damages. (*Id*. at PageID.3.)

## II.   LEGAL STANDARD

Under the Prison Litigation Reform Act of 1996 ("PLRA"), the Court is required to dismiss *sua sponte* a prisoner's complaint before service on a defendant if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *Flanory v. Bonn*, 604 F.3d 249, 252 (6th Cir. 2010) (citing 28 U.S.C. §§ 1915(e), 1915A(b); 42 U.S.C. § 1997e(c)). The dismissal standard under the PLRA is equivalent to that of Federal Rule of Civil Procedure 12(b)(6), as clarified by *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic*

3

*Corp. v. Twombly*, 550 U.S. 544 (2007). *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010).

When evaluating a complaint under that standard, courts "construe the complaint in the light most favorable to the plaintiff, accept all well-pleaded factual allegations as true, and examine whether the complaint contains 'sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Hill v. Snyder*, 878 F.3d 193, 203 (6th Cir. 2017) (quoting *Iqbal*, 556 U.S. at 678). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). "The plausibility standard . . . asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. (citing *Twombly*, 550 U.S. at 570).

Federal Rule of Civil Procedure 8(a) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought." Fed. R. Civ. P. 8(a)(2), (3). The purpose of this rule is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (citing *Conley v. Gibson*, 355 U.S. 41, 47 (1957); Fed. R. Civ. P. 8(a)(2)). Courts need not "accept as true a legal conclusion couched as a factual allegation[,]" and any "naked assertion[s]" require "further factual enhancement" to comply with Rule 8(a). *Id*. at

4

555, 557. Similarly, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

A *pro se* civil rights complaint is to be construed liberally. *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). To state a civil rights claim under 42 U.S.C. § 1983, "a plaintiff must set forth facts that, when construed favorably, establish (1) the deprivation of a right secured by the Constitution or laws of the United States (2) caused by a person acting under the color of state law." *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009) (citation omitted). The plaintiff must establish the liability of each individual defendant by that person's own conduct. *Iqbal*, 556 U.S. at 676; *see also Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (the plaintiff must allege that "the defendants were personally involved in the alleged deprivation of federal rights.").

### III. ANALYSIS

#### A. Defendants MDOC and MDOC Director Washington

First, Defendants MDOC and Washington will be dismissed from the complaint. Claims against the MDOC are "'barred by the Eleventh Amendment, unless [the State] has consented to the filing of such a suit,' or unless Congress has expressly abrogated Eleventh Amendment immunity." *Harrison v. Michigan*, 722

F.3d 768, 771 (6th Cir. 2013) (citing *Alabama v. Pugh*, 438 U.S. 781, 782 (1978); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 99 (1984)) (alteration in original). "Michigan has not consented to the filing of civil rights suits against it in federal court." *Id*. (citing *Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986); *accord*, *Johnson v. Unknown Dellatifa*, 357 F.3d 539, 545 (6th Cir. 2004)). Nor did Congress abrogate state sovereign immunity when it enacted 42 U.S.C. § 1983. *Chaz Const., LLC v. Codell*, 137 F. App'x 735, 743 (6th Cir. 2005).

For the same reasons suits against the state or its agencies are barred, the Eleventh Amendment bars civil rights actions against state officials sued in their official capacities. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989). Defendant Washington, who has been sued in her official capacity, is thus also immune from suit.

## B. Defendant Attorneys

Plaintiff's complaint also fails against Defendants Young, Chapman, and Bomber. All three are attorneys in private practice, representing the MDOC in another case Plaintiff brought against it. (ECF No. 1, PageID.1.)

Plaintiff has failed to state a claim against the attorney defendants because it is well established that private attorneys are not, "merely by virtue of being officers of the court," state actors for purposes of constitutional claims under 42 U.S.C. § 1983. *Cicchini v. Blackwell*, 127 F. App'x 187, 190 (6th Cir. 2005)

6

(citing *Polk Cnty. v. Dodson*, 454 U.S. 312, 318 (1981)). The Sixth Circuit recently noted this principle holds true even when private-sector attorneys represent government entities. *See Blackwell v. Allen*, No. 22-1300, 2022 WL 17832191, at *6 (6th Cir. Dec. 21, 2022) (citing *Dyer v. Md. State Bd. of Educ.*, 685 F. App'x 261, 263 (4th Cir. 2017) (per curiam); *Caleb v. Grier*, 598 F. App'x 227, 234 (5th Cir. 2015)) (other citations omitted).

It is true that the Sixth Circuit has noted an exception, such that "private citizens acting in concert with state officials may be subject to § 1983 liability . . ." *Elrod v. Michigan Supreme Ct.*, 104 F. App'x 506, 508 (6th Cir. 2004) (citing *Dennis v. Sparks*, 449 U.S. 24, 27–28 (1980)). However, dismissal of § 1983 claims against an attorney is appropriate when the plaintiff "offer[s] no factual support or evidence upon which a conspiracy could be based." *Id*. Here, Plaintiff asserted the existence of a "civil conspiracy" to violate his rights in which the attorneys participated but he alleged no facts to support that conclusion. (ECF No. 1, PageID.2.) The Court is not obligated to accept a plaintiff's legal conclusions that lack factual support. *See Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555. Plaintiff has failed to state a claim against the attorney defendants.

### C. Defendant John/Jane Doe

Plaintiff has also failed to state a claim against Defendant John or Jane Doe. Plaintiff's allegation against Defendant Doe is only that he or she released his

7

medical records in response to a subpoena. Plaintiff describes Doe as the records administrator for the MDOC responsible for releasing his medical records to the law firm. (ECF No. 1, PageID.2.)

There are no general constitutional protections against the disclosure of private information. *Wilson v. Collins*, 517 F.3d 421, 429 (6th Cir. 2008). A right to informational privacy is protected by the Fourteenth Amendment only when a plaintiff's fundamental rights are implicated. *Id*. The Sixth Circuit "has recognized an informational-privacy interest of constitutional dimension in only two instances: (1) where the release of personal information could lead to bodily harm . . ., and (2) where the information released was of a sexual, personal, and humiliating nature[.]" *Lee v. City of Columbus, Ohio*, 636 F.3d 245, 261 (6th Cir. 2011) (quoting *Lambert v. Hartman,* 517 F.3d 433, 440 (6th Cir. 2008)).

Plaintiff's allegations do not implicate either of those interests. Besides acknowledging his records include mental health issues, Plaintiff provides no facts to support or even suggest his records contain the kinds of sensitive issues described by *Lee*. Nor has he asserted that the release of medical records to a law firm could compromise his personal safety. Plaintiff meets neither of *Lee*'s two criteria, and the Court finds that he has failed to provide factual support that could show his privacy interests rose to a level of constitutional dimensions. Therefore, the complaint against Defendant Doe will also be dismissed.

### D. Plaintiff's state law causes of actions

Plaintiff has alleged state law claims of civil conspiracy, intentional infliction of emotional distress, and a hostile environment. (ECF No. 1, PageID.2.) Under federal law, district courts are "grant[ed] . . . broad discretion to decide whether to exercise jurisdiction over state-law claims that are 'so related to claims in the action within such original jurisdiction that they form part of the same case or controversy.'" *Gamel v. City of Cincinnati*, 625 F.3d 949, 951 (6th Cir. 2010) (citing 28 U.S.C. § 1367(a)). In its exercise of discretion, a court "should consider and weigh several factors, including the 'values of judicial economy, convenience, fairness, and comity.'" *Id.* at 951-52 (citing *Carnegie–Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988)). Generally, upon dismissal of all federal claims, balancing those considerations will lead to the dismissal of the state law claims. *Id.* at 952 (citation omitted).

Here, the Court has determined Plaintiff's federal claims must be dismissed because some defendants are immune from suit and his federal claims otherwise fail to state a claim upon which relief may be granted. None of the considerations raised by *Gamel* require this Court to exercise its discretionary jurisdiction over Plaintiff's state law claims. Accordingly, it declines to do so.

## IV. CONCLUSION

For the reasons stated above, the complaint (ECF No. 1) is summarily **DISMISSED** for failure to state a claim on which relief may be granted. 28 U.S.C. §§ 1915(e), 1915A(b).

It is further **ORDERED** that Plaintiff's motion to exclude the complaint from the Court's mediation program for *pro se* civil rights complaints (ECF No. 2) is **DENIED AS MOOT**.

It is further **ORDERED** that any appeal taken by Plaintiff could not be brought in good faith, and therefore a certificate of appealability is **DENIED**, as is leave to appeal *in forma pauperis*.

**IT IS SO ORDERED**.

s/Jonathan J.C. Grey
Jonathan J.C. Grey
United States District Judge

Dated: August 10, 2023

## Certificate of Service

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First-Class U.S. mail addresses disclosed on the Notice of Electronic Filing on August 10, 2023.

<u>s/ **S. Osorio**</u>
Sandra Osorio
Case Manager